UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                        )
STATE OF ALABAMA                        )
ex rel. STEVE MARSHALL,                 )
ATTORNEY GENERAL and the                )
ALABAMA DEPARTMENT OF                   )
ENVIRONMENTAL MANAGEMENT,               )
                                        )
Plaintiffs,                             )
                                        )
v.                                      )      Civ. No. _____
                                        )
U.S. ENVIRONMENTAL PROTECTION           )
AGENCY, and                             )
MICHAEL REGAN, in his official capacity )
as Administrator, U.S. Environmental    )
Protection Agency                       )
                                        )
Defendants.                             )
_____)

## COMPLAINT FOR DECLATORY AND OTHER RELIEF

## INTRODUCTION

1.     The Solid Waste Disposal Act requires the EPA Administrator to approve a state's permit program for coal combustion residuals (CCR) within 180 days of submission, if the EPA Administrator determines the state's program requires compliance with federal rules.  42 U.S.C. §6945(d).  The Alabama Department of Environmental Management submitted its proposed CCR program for approval in December 2021, but the Administrator has yet to make a formal determination on Alabama's CCR program.  So, under 42 U.S.C. §6972(a)(2),

Alabama seeks to compel the EPA Administrator to perform this non-discretionary duty under the Solid Waste Disposal Act.

## JURISDICTION AND VENUE

2.     This court has jurisdiction over this action, as Congress has waived sovereign immunity in this action under 42 U.S.C. §6972(a)(2) of the Solid Waste Disposal Act.  This section provides that "persons" may bring citizen suits against the EPA Administrator for failure to perform any nondiscretionary duty in the District Court of the District of Columbia. 42 U.S.C. §6972(a)(2).

3.     Under 42 U.S.C. §6945(d), the EPA Administrator has a non-discretionary duty to determine if a submitting State's CCR program requires CCR units in that State to "achieve compliance with the applicable criteria for [CCR] units under [40 C.F.R. 257]." Otherwise, the requirement that the Administrator approve a permit program within 180 days has no effect.

4.     As required by 42 U.S.C. §6972(c), Plaintiffs provided Defendants with notice of this action on December 09, 2022 - more than 60 days prior to the commencement of this lawsuit.  *See* attached Exhibit 1.

5.     Venue is proper in the District Court of the District of Columbia. 42 U.S.C. §6972(a).

## STANDING

6.     Because the Solid Waste Disposal Act provides that States may operate a CCR permit program in lieu of the federal CCR program upon EPA approval,

Alabama has a legally protected interest in EPA acting on Alabama's program application in a timely manner. 42 U.S.C. §6945(d).

7.     "When a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant.  A litigant deprived of a procedural protection need not show that had procedure been followed the substantive result would have been different." *Massachusetts v. E.P.A.*, 549 U.S. 497, 518.  Under 42 U.S.C. §6972(a), this action may result in an order for EPA to so act.  So, Alabama has standing to ensure it receives all statutorily required process under the Solid Waste Disposal Act.

8.     More, courts recognize that states are not normal litigants for the purposes of invoking federal jurisdiction, but are entitled to "special solicitude." *Id.* at 520.

9.     Alabama thus satisfies Article III standing requirements of injury, causation, and redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

## BACKGROUND

10.     In 2011, Alabama amended its laws to provide for the regulation of "coal combustion by-products" (also known as CCR or coal combustion residuals) once there was a federal regulatory program for CCR.  Acts 2011-258, codified at Ala. Code §§22-27-2(3), 22-27-3(h). CCR is generated in the production of electricity.

11.     In 2015, EPA adopted rules to regulate the disposal of CCR. 80 Fed. Reg. 21,201, codified at 40 C.F.R. Part 257, Subpart D. Then, in 2016, Congress amended the Solid Waste Disposal Act to provide for State permitting programs for CCR units. 42 U.S.C. §6945(d).

12.     This law now provides that, upon approval by EPA, a State may operate a permit program for CCR units that will operate in lieu of federal regulation in that State. *Id*. The process for approval begins when a State submits "evidence of a permit program" to regulate CCR units in lieu of the federal rules in 40 CFR Part 257. 42 USC §6945(d)(1)(A).

13.     This statute provides that EPA must approve a permit program not later than 180 days after "a State submits the evidence described in [42 U.S.C. (1)(A)]", if the Administrator determines that the program requires each CCR unit in the State "to achieve compliance with applicable criteria for CCR units under part 257, Title 40, Code of Federal regulations. . ." 42 U.S.C. §6945(d)(1.)

## PARTIES

14.     The State of Alabama is a "person" under 42 U.S.C. §6903 (15). It appears though it's Attorney General, Steve Marshall.

15.     The United States Environmental Protection Agency and Michael Regan, its Administrator, are charged under the Solid Waste Disposal Act with review and approving Alabama's permit program for CCR. 42 U.S.C. §6945(d).

## FACTS

16.     Alabama's Department of Environmental Management is an executive department of the State of Alabama and charged with regulating and permitting solid waste, including CCR waste.  See Ala. Code §22-22A-5(1) (authorizing ADEM to administer appropriate portions of Ala. Code ch. 22-27); and §22-27-3(h) (authorizing ADEM to adopt rules to implement state program consistent with federal CCR requirements.)

17.     On December 29, 2021, the Alabama Department of Environmental Management (ADEM), submitted its proposed Alabama Permitting Program for the Control of Coal Combustion Residuals. *See* Exhibit 2, Transmittal letter for proposed Alabama Permitting Program.

18.     To be clear, EPA has opined that a proposed CCR *permit* by ADEM "could result in a state-issued permit that is inconsistent with federal CCR regulations" in its September 15, 2022, comments.  But, EPA has yet to determine whether Alabama's CCR *permit* program required "compliance with applicable criteria for CCR units under part 257, Title 40, Code of Federal Regulations." 42 U.S.C. §6945(d).

19.     On November 8, 2022, ADEM wrote EPA pointing out that the 180-day deadline under 42 U.S.C. §6945(d) had long elapsed and requested that EPA approve its program.  In its letter, ADEM pointed out that EPA reviewed other programs based on public participation, guidelines for compliance, guidelines for enforcement authority, and intervention in civil enforcement proceedings and that ADEM had

addressed these in its application.  ADEM also pointed out that EPA's position has been not to speculate on the subsequent implementation of a state's CCR program as it addresses this in future program reviews.

20.    After hearing nothing else, ADEM formally notified EPA that it would be filing this action after 60 days. Letter to EPA received on December 9, 2022.

21.    In February of 2023, EPA advised ADEM that the Department could supplement its application to show that the ADEM CCR requirements were at least as protective as federal criteria. ADEM responded asserting that its application was complete under statute, therefore there was no need to supplement at that time.

22.    EPA has taken no final action on Alabama's proposed CCR permitting program even after Alabama gave notice of this action under 42 U.S.C. §6972(c).

### COUNT I

### Declaratory Relief - Nondiscretionary Duty under 42 U.S.C. §6945(d)

23.    Plaintiffs restate Paragraphs 1 – 22 above.

24.    Defendants have a nondiscretionary duty under 42 U.S.C. §6945(d) to determine whether a state's CCR permit program requires "compliance with applicable criteria for CCR units under part 257, Title 40, Code of Federal regulations" within 180 days of that State's submission of its permit program.

25.    More than 180 days have passed since Alabama has submitted its CCR permitting program under 42 U.S.C. §6945(d).

26.    Yet, Defendants have not determined whether Alabama's CCR permit program meets the statutory standard under 42 U.S.C. §6945(d).

27.    There is a justiciable controversy between the parties as to the Defendant's performance of its non-discretionary duties under 42 U.S.C. §6945(d).

28.    Plaintiff is entitled to declaratory judgment.

## COUNT II

### Enforcement of Nondiscretionary Duty

29.    Under 42 U.S.C. §6972(a), Alabama may file an action against the EPA Administrator for the failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

30.    Further, the district court shall have jurisdiction to order the Administrator to perform the act or duty.

31.    And, under 42 U.S.C. §6972(e), the court may award costs of litigation, to the prevailing or substantially prevailing party as it finds appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Alabama requests that this Court:

A.    Issue a declaratory judgment that Defendants have a nondiscretionary duty under 42 U.S.C. §6945(d) to determine whether a state's CCR permit program requires "compliance with applicable criteria for CCR units under part 257, Title 40, Code of Federal Regulations" within 180 days of that State's submission of its permit program.

B.    Order the EPA Administrator to perform that nondiscretionary duty.

C.    Award appropriate costs of litigation to Plaintiffs.

Respectfully submitted,

STEVE MARSHALL
ATTORNEY GENERAL


/s/ Anthony Todd Carter
Anthony Todd Carter
Assistant Attorney General
*Attorney for Plaintiff*


/s/ Steven Shawn Sibley
Steven Shawn Sibley
Assistant Attorney General
*Attorney for Plaintiff*


ADDRESS OF COUNSEL:

Alabama Department of Environmental Management
Office of General Counsel
1400 Coliseum Boulevard
Montgomery, Alabama  36110
Phone: (334) 271-7855
Fax: (334) 260-4544
Email: atcarter@adem.alabama.gov
         ssibley@adem.alabama.gov


Dated: April 3, 2023